IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> ELISABETH DEVOS, <br> in her official capacity as <br> SECRETARY, UNITED STATES <br> DEPARTMENT OF EDUCATION, *et al.* <br><br> *Defendants*. | Civil Action No. 1:20-cv-1468-CJN |

**CONSENT MOTION OF THE AMERICAN COUNCIL ON EDUCATION AND
24 OTHER HIGHER EDUCATION ORGANIZATIONS FOR LEAVE TO FILE
*AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

The American Council on Education (ACE) and 24 other higher education organizations respectfully request leave to file the attached brief as *amici curiae* in support of Plaintiffs' motion for preliminary injunction. In general, because there is no rule on point district courts have "broad discretion" to permit participation "as an *amicus curiae*." *National Ass'n of Home Builders v. United States Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). This Court routinely permits *amicus* briefs when the brief provides "timely and useful" information for the Court. *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quotation marks omitted). The proposed brief would aid this Court's deliberation by offering "unique information or perspective" based on *amici* and their members' experiences "that can

help the court beyond the help that the lawyers for the parties are able to provide." *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008).

ACE is a national organization representing more than 1,700 American colleges and universities, related associations, and other organizations; its members educate two out of every three students in all accredited, degree-granting U.S. institutions of higher learning. ACE is joined in this *amicus* brief by two dozen other higher education organizations, as described in the addendum to the proposed brief. *Amici* have a strong interest in the proper administration and development of Title IX policies and procedures, and expertise in the real-world implementation of those policies.

*Amici* have prepared the enclosed brief because they and their members will be directly and imminently harmed by the Final Rule's current August 14, 2020 implementation deadline absent preliminary judicial relief. The Final Rule sets out a far-reaching overhaul of current Title IX policies for American colleges and universities. Implementing those broad-based changes within the timeframe currently mandated imposes severe and irreparable burdens on students, administrators, faculty, and staff nationwide. The attached brief explains the nature and scope of those burdens, and *Amici* respectfully submit that the information provided therein will assist the Court in the resolution of Plaintiffs' motion.

Plaintiffs filed their motion for preliminary injunction on June 23, 2020. The *amicus* brief therefore "does not unduly delay the Court's ability to rule on any pending matter." Local Civ. R. 7(o)(2).

*Amici* have consulted with the parties, who consent to the filing of this brief. Furthermore, no party or counsel for a party authored the brief in whole or in part, and no party,

counsel for a party, or person other than *amici curiae*, their members, or their counsel made any monetary contribution intended to fund the preparation or submission of this brief.

For these reasons, the motion for leave to file the attached *amicus curiae* brief should be granted.

Dated:  June 24, 2020                              Respectfully submitted,

/s/ *Susan M. Cook*
Stephanie J. Gold (D.C. Bar No. 461086)
Susan M. Cook (D.C. Bar No. 462978)
Kyle M. Druding (D.C. Bar No. 1044631)
Megan M. Wilson (D.C. Bar No. 1046533)
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-6684
Fax: (202) 637-5910
susan.cook@hoganlovells.com

*Counsel for Amici Curiae*