**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, et al., | |
| *Plaintiffs*, | |
| v. | No. 1:20-cv-1468-CJN |
| Elisabeth D. DEVOS, in her official capacity as Secretary of the United States Department of Education, et al., | |
| *Defendants*, | |
| FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, INDEPENDENT WOMEN'S LAW CENTER, and SPEECH FIRST, INC., | |
| [*Proposed*] *Intervenor-Defendants*. | |

**ANSWER OF [PROPOSED] INTERVENORS
FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION,
INDEPENDENT WOMEN'S LAW CENTER, AND SPEECH FIRST, INC.**

Proposed Intervenors, Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc., submit the following answer to Plaintiffs' complaint, Doc. 1. Unless expressly admitted below, Proposed Intervenors deny everything in the complaint. Intervenors respond to the numbered allegations of the complaint as follows:

1.     Defendants' policies and plans speak for themselves. Their legality is a legal question to which no response is required.

2.     Denied.

3.     This paragraph consists of legal conclusions that do not require a response or cited laws that speak for themselves. To the extent this paragraph contains allegations deemed to be factual, Proposed Intervenors deny them.

4.     This paragraph consists of legal conclusions that do not require a response.

5.      This paragraph consists of legal conclusions that do not require a response or cited laws that speak for themselves.

6.      Denied.

7.      This paragraph consists of legal conclusions that do not require a response or cited laws that speak for themselves.

8.      Proposed Intervenors lack sufficient information to admit or deny what the Department "acknowledges." Proposed Intervenors deny the allegations in the last sentence of this paragraph.

9.      The data and Rule speak for themselves Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

10.      Denied, except Proposed Intervenors admit that the Rule's effective date is August 14, 2020 and that it will require schools to change policies.

11.      This paragraph consists of legal conclusions that do not require a response.

12.      Admitted.

13.      Admitted, except that Plaintiffs are not entitled to any such relief.

14.      Admitted.

15.      Admitted.

16.      Admitted.

17.      Admitted.

18.      Admitted.

19.      Admitted.

20.      Admitted, except Proposed Intervenors deny that the District of Columbia is "sovereign."

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     This paragraph consists of legal conclusions that do not require a response. To the extent this paragraph contains allegations deemed to be factual, Proposed Intervenors lack sufficient information to admit or deny them.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     This paragraph consists of legal conclusions that do not require a response or cited laws that speak for themselves.

38.     This paragraph consists of legal conclusions that do not require a response or cited laws that speak for themselves.

39.     This paragraph consists of legal conclusions that do not require a response or cited laws that speak for themselves.

40.     The cited legal authority speaks for itself.

41.     The cited legal authority speaks for itself.

42.     The cited legal authority speaks for itself. Proposed Intervenors admit that the Department provides federal assistance to education programs and activities.

43.     This paragraph consists of legal conclusions that do not require a response or quoted authority that speaks for itself.

44.     The cited legal authority speaks for itself.

45.     The cited legal authority speaks for itself.

46.     The cited legal authority speaks for itself.

47.     The cited legal authority speaks for itself.

48.     This paragraph consists of legal conclusions that do not require a response or legal authority that speaks for itself.

49.     The cited legal authority speaks for itself.

50.     This paragraph consists of legal conclusions that do not require a response or legal authority that speaks for itself.

51.     The cited legal authority speaks for itself.

52.     The cited legal authority speaks for itself.

53.     The cited legal authority speaks for itself.

54.     The cited legal authority speaks for itself.

55.     The cited legal authority speaks for itself.

56.     The cited legal authority speaks for itself.

57.     The cited legal authority speaks for itself.

58.     The cited legal authority speaks for itself.

59.     This paragraph consists of legal conclusions that do not require a response or legal authority that speaks for itself.

60.     The cited legal authority speaks for itself.

61.     Any documents reflecting the Department's position speak for themselves.

62.     The cited legal authority speaks for itself.

63.     This paragraph consists of legal conclusions that do not require a response.

64.     This paragraph consists of legal conclusions that do not require a response or legal authority that speaks for itself.

65.     The cited legal authority speaks for itself.

66.     The cited legal authority speaks for itself.

67.     The cited legal authority speaks for itself.

68.     The cited legal authority speaks for itself.

69.     The cited legal authority speaks for itself.

70.     The cited legal authority speaks for itself.

71.     The cited legal authority speaks for itself.

72.     The letters speak for themselves.

73.     The policy documents speak for themselves.

74.     The letter and interim Q&A speak for themselves.

75.     The cited legal authority speaks for itself.

76.     The cited authority speaks for itself.

77.    Any data speak for themselves. Proposed Intervenors deny Plaintiffs' characterizations of the Secretary's remarks.

78.    Any data speak for themselves.

79.    Any studies speak for themselves.

80.    Any statistics speak for themselves.

81.    Any studies speak for themselves.

82.    The letter and any response speak for themselves.

83.    Admitted.

84.    This paragraph consists of legal conclusions that do not require a response or legal authority that speaks for itself.

85.    Proposed Intervenors admit that the Rule supersedes earlier policies and will require schools to make changes. All policies speak for themselves, and Proposed Intervenors otherwise deny the characterizations in this paragraph.

86.    Any evidence speaks for itself. Otherwise denied.

87.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

88.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

89.    This paragraph consists of legal conclusions that do not require a response.

90.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

91.    This paragraph consists of legal conclusions that do not require a response.

92.     Proposed Intervenors admit that the Rule's effective date is August 14, 2020 but deny the rest of this paragraph.

93.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

94.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

95.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

96.     This paragraph consists of legal conclusions that do not require a response.

97.     Proposed intervenors deny the allegations in the first sentence of this paragraph. Proposed Intervenors lack sufficient information to respond to the remaining allegations in this paragraph.

98.     This paragraph consists of legal conclusions that do not require a response.

99.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

100.    Denied.

101.    Denied.

102.    The cited authority speaks for itself.

103.    This paragraph consists of legal conclusions that do not require a response.

104.    Denied.

105.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

106.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

107.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

108.     The Rule speaks for itself.

109.     This paragraph consists of legal conclusions that do not require a response.

110.     The Rule speaks for itself.

111.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

112.     The Rule speaks for itself.

113.     This paragraph consists of legal conclusions that do not require a response.

114.     The Rule speaks for itself.

115.     The Rule speaks for itself.

116.     This paragraph consists of legal conclusions that do not require a response.

117.     Denied.

118.     The Rule speaks for itself.

119.     Denied.

120.     Denied.

121.     The Rule speaks for itself.

122.     The preamble and Rule speak for themselves.

123.     This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

124.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself. To the extent this paragraph contains factual allegations, they are denied.

125.    This first sentence consists of legal conclusions that do not require a response or cited authority that speaks for itself. Proposed Intervenors lack sufficient information to admit or deny the remaining allegations in this paragraph.

126.    Denied.

127.    The Rule speaks for itself.

128.    Proposed Intervenors deny that the Rule is unlawful. Proposed Intervenors lack sufficient information to admit or deny the remaining allegations in this paragraph.

129.    The Rule speaks for itself.

130.    Proposed Intervenors deny the allegation in the first sentence. The Rule speaks for itself.

131.    Proposed Intervenors admit that classrooms are not courtrooms. Proposed Intervenors lack sufficient information to admit or deny the remaining allegations in this paragraph.

132.    The Rule and preamble speak for themselves.

133.    Denied.

134.    The Rule and any explanatory documents speak for themselves.

135.    The Rule speaks for itself.

136.    Denied.

137.    The Rule speaks for itself.

138.    The Rule and preamble speak for themselves.

139.     This paragraph consists of legal conclusions that require no response. Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

140.     The Rule speaks for itself.

141.     The Rule speaks for itself. Otherwise denied.

142.     Any other procedures speak for themselves. Otherwise denied.

143.     This paragraph consists of legal conclusions that do not require a response.

144.     The Rule and preamble speak for themselves. Otherwise denied.

145.     Denied.

146.     Admitted.

147.     Denied.

148.     The Rule and FERPA speak for themselves.

149.     The Rule and FERPA speak for themselves.

150.     Denied.

151.     The Rule speaks for itself.

152.     This paragraph consists of legal conclusions that do not require a response.

153.     Denied.

154.     The cited legal authority speaks for itself.

155.     The Rule speaks for itself.

156.     Denied.

157.     The Rule speaks for itself. Otherwise denied.

158.     Denied.

159.     Denied.

160.     The Rule speaks for itself.

161.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

162.    Proposed Intervenors admit that schools will have to make decisions while responding to COVID-19, but they lack sufficient information to admit or deny the remaining allegations evaluating.

163.    Proposed Intervenors deny the allegations in the first sentence. Proposed Intervenors lack sufficient information to respond to the remaining allegations.

164.    Proposed Intervenors lack sufficient information to respond to the allegations in this paragraph.

165.    Proposed Intervenors deny that the timeframe is unreasonable. Proposed Intervenors lack sufficient information to respond to the remaining allegations.

166.    Denied.

167.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

168.    Denied.

169.    The proposed rule speaks for itself.

170.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

171.    Denied.

172.    Denied.

173.    This paragraph consists of legal conclusions that do not require a response or cited authority that speaks for itself.

174.     Proposed Intervenors admit that sexual violence and harassment have costs, but they deny that sexual violence, harassment, or the costs of either will increase because of the Rule. Proposed Intervenors lack sufficient information to admit or deny allegations about any particular costs.

175.     The Department's analysis speaks for itself.

176.     Denied.

177.     The Department's projections speak for themselves. Proposed Intervenors lack sufficient information to admit or deny the allegations in the second sentence. Proposed Intervenors deny the remaining allegations.

178.     The cited authority speaks for itself. Otherwise denied.

179.     The Department's analysis speaks for itself.

180.     The Department's analysis speaks for itself.

181.     The Department's analysis speaks for itself.

182.     The Department's analysis speaks for itself.

183.     The preamble and regulations speak for themselves. Otherwise denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.     The Rule and the cited notice of proposed rulemaking speak for themselves. Proposed Intervenors deny the remaining allegations in this paragraph.

190.     The Rule and the referenced notice of proposed rulemaking speak for themselves. Proposed Intervenors deny the remaining allegations in this paragraph.

191.     The Rule and the referenced notice of proposed rulemaking speak for themselves. Proposed Intervenors deny the remaining allegations in this paragraph.

192.     The cited authorities speak for themselves. Proposed Intervenors deny the remaining allegations in this paragraph.

193.     The Rule speaks for itself as to the allegations in the first sentence. The second sentence consists of legal conclusions that do not require a response. To the extent this paragraph contains allegations deemed to be factual, Proposed Intervenors deny them.

194.     The Rule and the referenced notice of proposed rulemaking speak for themselves. Proposed Intervenors deny the remaining allegations in this paragraph.

195.     The Rule and the Rule's preamble speak for themselves. Proposed Intervenors deny the remaining allegations in this paragraph.

196.     The Rule speaks for itself.

197.     This paragraph contains legal conclusions that require no response.

198.     This paragraph contains legal conclusions that require no response.

199.     Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph. The cited legal authorities speak for themselves.

200.     Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

201.     Admitted.

202.    Proposed Intervenors admit that each State funds, supports, and/or administers systems of postsecondary education. Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph. The cited legal authorities speak for themselves.

203.    Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

204.    Admitted.

205.    Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

206.    Proposed Intervenors deny the allegations in the first sentence of this paragraph. Any orders speak for themselves. Proposed Intervenors lack sufficient knowledge to admit or deny the remaining allegations.

207.    Proposed Intervenor admit that many state-sponsored institutions must adopt new grievance procedures, but deny Plaintiffs' characterizations of those procedures.

208.    This paragraph contains legal conclusions that require no response.

209.    This paragraph contains legal conclusions that require no response. To the extent these conclusions could be construed as factual allegations, they are denied.

210.    This paragraph contains legal conclusions that require no response. To the extent these conclusions could be construed as factual allegations, they are denied.

211.    Proposed Intervenors lack sufficient information to admit or deny allegations about the specific additional steps that schools will want to take, but they deny that such steps cannot be successfully taken by August 14.

212.    Denied.

213.    Denied.

214.    This paragraph contains legal conclusions that require no response.

215.    Denied.

216.    Denied.

217.    Admitted.

218.    Proposed Intervenors admit that state and local officials oversee K-12 schools and set policies for primary and secondary education. The cited legal authorities speak for themselves. Proposed Intervenors otherwise lack sufficient information to admit or deny the allegations in this paragraph.

219.    Proposed Intervenors admit that states regulated postsecondary education. The cited legal authorities speak for themselves. Proposed Intervenors otherwise lack sufficient information to admit or deny the allegations in this paragraph.

220.    This paragraph consists of a legal conclusion that does not require a response.

221.    Proposed Intervenors admit that States have laws and regulations to prevent discrimination on the basis of sex in K-12 and postsecondary schools. Those authorities speak for themselves. Proposed Intervenors lack sufficient information to admit or deny the remaining allegations in this paragraph.

222.    This paragraph consists of legal conclusions that require no response.

223.    Denied.

224.    Proposed Intervenors admit that certain States have notice and comment procedures for policies governing K-12 and/or postsecondary schools. Those authorities speak for themselves. Proposed Intervenors lack sufficient information to admit or deny the remaining allegations in this paragraph.

225.    Denied.

226.     Proposed Intervenors admit that states have an interest in participating in the administrative process, but Proposed Intervenors deny that the Department promulgated the rule in a manner that deprived the states of a meaningful opportunity to participate.

227.     Admitted.

228.     Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

229.     Denied.

230.     Denied.

231.     Proposed Intervenors lack sufficient information to admit or deny the allegations in this paragraph.

232.     This paragraph contains legal conclusions that require no response.

233.     Proposed Intervenors lack sufficient information to admit or deny the factual allegations in this paragraph. This paragraph otherwise contains legal conclusions that require no response.

234.     This paragraph contains legal conclusions that require no response.

235.     Proposed Intervenors incorporate and restate their prior responses.

236.     The APA speaks for itself.

237.     Title IX speaks for itself.

238.     This paragraph contains legal conclusions that require no response.

239.     This paragraph contains legal conclusions that require no response.

240.     Denied.

241.     Denied.

242.     Proposed Intervenors incorporate and restate their prior responses.

243.     The APA speaks for itself.

244.     Title IX speaks for itself.

245.     Denied.

246.     Denied.

247.     Proposed Intervenors incorporate and restate their prior responses.

248.     The APA speaks for itself.

249.     Admitted.

250.     FERPA speaks for itself.

251.     This paragraph contains legal conclusions that require no response.

252.     Denied.

253.     This paragraph contains legal conclusions that require no response.

254.     Denied.

255.     Proposed Intervenors incorporate and restate their prior responses.

256.     The APA speaks for itself.

257.     The cited authority speaks for itself.

258.     Denied.

259.     Denied.

260.     Proposed Intervenors incorporate and restate their prior responses.

261.     The APA speaks for itself.

262.     This paragraph contains legal conclusions that require no response.

263.     This paragraph contains legal conclusions that require no response.

264.     This paragraph contains legal conclusions that require no response.

265.     This paragraph contains legal conclusions that require no response.

266.   Denied.

267.   This paragraph contains legal conclusions that require no response.

268.   Denied.

269.   This paragraph contains legal conclusions that require no response.

270.   Denied.

271.   This paragraph contains legal conclusions that require no response.

272.   The Rule speaks for itself.

273.   Denied.

**PRAYER FOR RELIEF**

Plaintiffs are not entitled to relief.

**AFFIRMATIVE DEFENSES**

**<u>First Affirmative Defense</u>**

Plaintiffs have failed to state a claim upon which relief may be granted.

**<u>Second Affirmative Defense</u>**

Plaintiffs' claims are not justiciable.

**<u>Third Affirmative Defense</u>**

Some or all of the relief Plaintiffs seek would violate the First, Fifth, or Fourteenth Amendments of the United States Constitution.

**<u>Fourth Affirmative Defense</u>**

Some or all of the relief Plaintiffs seek is barred by laches.

**<u>Reservation of Defenses</u>**

Proposed Intervenors presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Proposed Intervenors reserve the right to assert additional defenses in this action in the event that discovery or other developments indicate that they would be appropriate.

18

Dated: June 25, 2020                          Respectfully submitted,

 _/s/  Charles J. Cooper_                       _/s/ William S. Consovoy_

Charles J. Cooper (D.C. Bar #248070)          William S. Consovoy (D.C. Bar #493423)
Brian W. Barnes (pro hac vice forthcoming)    Cameron T. Norris
Nicole J. Moss (D.C. Bar #472424)             Alexa R. Baltes (pro hac vice forthcoming)
COOPER & KIRK, PLLC                           CONSOVOY MCCARTHY PLLC
1523 New Hampshire Ave., NW                   1600 Wilson Blvd., Ste. 700
Washington, D.C. 20036                        Arlington, VA 22209
(202) 220-9600                                (703) 243-9423
ccooper@cooperkirk.com                        will@consovoymccarthy.com
bbarnes@cooperkirk.com                        cam@consovoymccarthy.com
nmoss@cooperkirk.com                          lexi@consovoymccarthy.com

_Counsel for Foundation for_                   _Counsel for Speech First, Inc. and_
_Individual Rights in Education_               _Independent Women's Law Center_