UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMONWEALTH OF PENNSYLVANIA, *et al.*,

                      Plaintiffs,

                      v.

ELISABETH D. DEVOS, *in her official capacity as Secretary of Education, et al.*,

                      Defendants.

**Civil Action No. 20-cv-01468-CJN**

## JOINT STATUS REPORT

On June 24, 2020, the Court entered an order directing the parties to

meet, confer, and file a Joint Status Report that includes: (1) a proposed briefing schedule for Plaintiffs' Motion [for a Preliminary Injunction or 5 U.S.C. § 705 Stay Pending Judicial Review] and (2) a statement addressing whether a hearing on Plaintiffs' Motion is necessary, and if so, a date for such a hearing. The Parties may also address any other issues that they believe will be helpful to the Court. Any disagreements should be noted in the Joint Status Report.

Counsel for the parties have conferred, but have been unable to agree on a proposed briefing schedule and whether a hearing is necessary. Accordingly, the parties now file their separate statements addressing these issues.

**Plaintiffs' Proposal:**

    **I.    Proposed Briefing Schedule on Plaintiffs' Motion**

The Rule at issue, *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 85 Fed. Reg. 30,026 (May 19, 2020) (to be codified at 34 C.F.R. Part 106) ("Rule") issued by the U.S. Department of Education ("Department"), will require Plaintiffs and their primary, secondary, and postsecondary

schools—which collectively have enrolled more than 27 million students—to divert resources away from preparing for a new school year amid unprecedented and challenging circumstances created by the global coronavirus (COVID-19) pandemic. Plaintiffs' schools will have to shift resources to come into compliance with the Rule in less than three months from its publication, at a time when schools are generally not in session, when key stakeholders are not available, and during a national emergency. As set forth in Plaintiffs' Motion, in the absence of injunctive relief or a stay of the effective date, Plaintiffs and educational institutions in their States will continue to suffer direct, immediate, and irreparable harm. The Rule's effective date of August 14, 2020, less than three months after the Final Rule was promulgated on May 19, 2020, with significant changes from the notice of proposed rulemaking, requires rushed decision-making and implementation as schools across the county work to comply with an extremely complex, prescriptive, and cumbersome Rule while simultaneously implementing a plan to educate our nation's students in the midst of this global pandemic. Among what is required of Plaintiffs' schools prior to the August 14 effective date are: (1) a complete overhaul and adoption of sexual harassment policies and procedures for students and staff; (2) implementation of new investigative and grievance procedures; (3) overhaul of training materials to comply with the Rule; (4) review and rewriting of all promotional and educational materials for students and staff; (5) hiring, designating, appointing and training appropriate staff to comply with requirements of the Rule's grievance procedures; (6) assessing whether state and local laws conflict with the Rule's mandatory requirements and re-negotiating collective bargaining agreements; and (7) publication of all training materials on the schools' website. Given the urgency and taking into account Defendants' request for additional time, Plaintiffs propose a briefing schedule on a motion for preliminary injunction and § 705 stay as follows:

- Defendants' opposition:  July 2, 2020

- Plaintiffs' reply:  July 9, 2020.

As indicated by the above schedule, Plaintiffs have provided two additional days from the time set by Local Rule 65.1(c) for Defendants to file their opposition, but are not seeking any corresponding extension of time for Plaintiffs' reply, in light of the urgency of the relief needed for Plaintiffs' elementary, secondary, and post-secondary schools.

Plaintiffs have communicated to Defendants that they are willing to agree to a lengthier briefing schedule if Defendants would simply delay the effective date of the Rule.  Defendants have refused to do so.  Plaintiffs remain willing to give Defendants additional time to respond to Plaintiffs' motion, provided the effective date of the Rule is delayed accordingly.  But absent an extension of the August 14 effective date, Plaintiffs have little choice: their schools are now being forced to divert significant resources to prepare for the Rule while simultaneously grappling with whether and under what circumstances to open in the fall and trying to address the countless other difficult questions presented by the COVID-19 pandemic.  Having placed schools across the country in the impossible position of being forced to implement a 500-page rule in the middle of a global pandemic, Defendants cannot complain about the difficulty of having to respond to Plaintiffs' motion within a period of time that is longer than what this Court's rules provide.

**II.    Statement Addressing Whether a Hearing on Plaintiffs' Motion Is Necessary**

Finally, in light of the significant issues presented in this case and importance of this case to Plaintiff States and their educational institutions, Plaintiffs request a hearing on the motion to address any questions of the Court.  Plaintiffs request a hearing on or about July 15, 2020, or a date shortly thereafter that is convenient for the Court and that will provide the Court with

sufficient time to consider Plaintiffs' motion well before the Rule's August 14, 2020 effective date.

**Defendants' Proposal:**

I.   **Proposed Briefing Schedule for Plaintiffs' Motion**

Defendants respectfully propose that they file their opposition brief to Plaintiffs' motion on or before July 20, 2020, and that Plaintiffs' reply brief be filed on or before July 27, 2020. First, this timeline is necessary for Defendants to respond adequately to Plaintiffs' 45-page Motion for Preliminary Injunction or 5 U.S.C. § 705 Stay Pending Judicial Review.  Plaintiffs' motion seeks a stay of the effective date of the challenged rule, asserts multiple procedural and substantive claims under the Administrative Procedure Act, and includes 97 exhibits containing over 1,500 pages.  Defendants wish to provide the Court with the most useful briefing possible under the circumstances, but in order to do so, they need an adequate opportunity in which to assess Plaintiffs' lengthy motion (as well as the proposed amicus brief submitted in support of Plaintiffs' motion, ECF No. 26) and develop their responsive arguments.  The proposed schedule would also allow Defendants to draft their opposition on a similar timeframe that Plaintiffs were afforded to draft their motion, as their motion was not filed on the spur of the moment, but planned and drafted over the course of weeks if not months after the notice of proposed rulemaking and final rule were published.[1]  Second, Defendants' resources are stretched thin; in addition to drafting a response to this motion, Defendants are also presently responding to a second motion for preliminary injunction filed recently in *State of New York v. U.S. Department*

---

[1] The notice of proposed rulemaking was published on November 29, 2018, *see* 85 Fed. Reg. 61,462, and the final rule was promulgated on May 19, 2020.  *See* 85 Fed. Reg. 30,026.

*of Education*, No. 1:20-cv-04260-JGK (S.D.N.Y.). Third, counsel for Defendants are facing scheduling difficulties including preparing for motions hearings in other cases on June 30 and July 8, 2020, and the disruption of the upcoming July 4 holiday.

In any event, because Plaintiffs' motion fails to demonstrate that Plaintiffs have incurred or will incur any form of irreparable harm as a result of the challenged regulation, it is unnecessary to set a more expedited briefing schedule, or to delay the effective date of the Rule in this Joint Status Report. The Rule requires schools to respond promptly and supportively to persons alleged to be victimized by sexual harassment, resolve allegations of sexual harassment promptly and accurately under a predictable, fair grievance process that provides due process protections to alleged victims and alleged perpetrators of sexual harassment, and effectively implement remedies for victims. Moreover, the Rule provides schools with timely clarity about the use of technology to fulfill requirements under Title IX remotely. *See, e.g.*, § 106.8(a) (stating Title IX Coordinator may be contacted by e-mail); § 106.30(a) (stating a formal complaint may be submitted electronically such as by electronic mail or an online portal); § 106.45(b)(6)(i) (allowing postsecondary institutions to conduct live hearings remotely through use of technology); § 106.45(b)(6)(ii) (clarifying that elementary and secondary schools need not hold a hearing).

In light of these factors, Defendants' proposed briefing schedule will afford Defendants, like Plaintiffs, reasonable time to prepare and file their brief. Defendants therefore respectfully request that the Court adopt this proposed schedule.

## II.     Statement Addressing Whether a Hearing on Plaintiffs' Motion Is Necessary

Defendants respectfully submit that a hearing is not necessary, and believe that the Court would likely be better served by receiving considered briefing from the parties than by having to

preside over oral argument a mere two weeks from today. However, Defendants do not oppose Plaintiffs' request for a hearing, albeit on a later date, following the conclusion of briefing.

| | |
|---|---|
| Dated: June 26, 2020 | Respectfully submitted, |

**JOSH SHAPIRO**
*Attorney General of Pennsylvania*
MICHAEL J. FISCHER
Chief Deputy Attorney General

 */s/ Aimee D. Thomson*
AIMEE D. THOMSON (D.C. Bar No. 1045758)
RYAN B. SMITH
JACOB B. BOYER
Deputy Attorneys General
Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov

**GURBIR S. GREWAL**
*Attorney General of New Jersey*
MAYUR P. SAXENA
Assistant Attorney General

*/s/ Marie Soueid*
MARIE SOUEID
ESTELLE BRONSTEIN
EMILY WANGER
Deputy Attorneys General
New Jersey Attorney General's Office
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
(609) 775-5846
Marie.Soueid@law.njoag.gov

JOSEPH H. HUNT
Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

  */s/  Daniel Riess*
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-3098
Fax: (202) 616-8460
Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

**XAVIER BECERRA**
*Attorney General of California*
MICHAEL NEWMAN
Senior Assistant Attorney General
CHRISTINE CHUANG
Supervising Deputy Attorney General

*/s/ Laura Faer*
LAURA FAER
CHRISTINA RIEHL
MARISOL LEÓN
SHUBHRA SHIVPURI
SRIVIDYA PANCHALAM
Deputy Attorneys General
California Attorney General's Office
1515 Clay Street, 20th Floor
Oakland, CA 94612-0552
(510) 879-3305
Laura.Faer@doj.ca.gov


Attorneys for *State of Pennsylvania, et al.* Plaintiffs

**CERTIFICATE OF SERVICE**

I, Marie Soueid, hereby certify that on June 29, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

<u>/s/ Marie Soueid</u>