IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, et al., *Plaintiffs*, <br><br> v. <br><br> Elisabeth D. DEVOS, in her official capacity as Secretary of the United States Department of Education, et al., *Defendants*, <br><br> FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, INDEPENDENT WOMEN'S LAW CENTER, SPEECH FIRST, INC., *Intervenor-Defendants*. | No. 1:20-cv-1468-CJN |

**INTERVENORS' MOTION FOR LEAVE TO TAKE DEPOSITIONS**

Per Rule 30(a)(2), Intervenors request the Court's leave to take depositions of six of Plaintiffs' declarants: Catherine Pope, Judith Ryan, Guillermo de Veyga, Connie Gardner, Angela Nastase, Sarah E. Harebo. The other parties oppose.

Rule 30(a)(2) allows parties to obtain discovery before the Rule 26(f) conference with "leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(1) and (2)." Courts in this circuit have used a "reasonableness test" to determine whether such discovery is appropriate, considering "the 'reasonableness of the request in light of all of the surrounding circumstances.'" *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142 (D.D.C. 2005). "Among the factors to be considered by the Court are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [opposing party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* at 142-43.

Each of those factors favors limited discovery here:

1

1. Plaintiffs' motion for a preliminary injunction is pending.

2. Intervenors do not seek to expand the scope or limits on discovery. They are making a limited request for only six depositions in order to test the veracity of declarations that Plaintiffs submitted in support of their motion for a preliminary injunction.

3. Plaintiffs have good cause for requesting this discovery now. Plaintiffs rely heavily on declarations to prove that the Rule's effective date is overly burdensome. *See* PI Memo (Doc. 22-2) 8-13. Intervenors have no way to test the veracity of those declarations without limited discovery. Since Plaintiffs single out these six declarants as representatives of schools that face the most extraordinary burdens, *id.* at 12, deposing these declarants will shed crucial light on Plaintiffs' allegations regarding the Rule's effective date.

4. The proposed depositions will not excessively burden the six witnesses or the parties. The depositions can be done remotely via teleconferencing, and Intervenors will work to accommodate the witnesses' schedules and complete the depositions before any hearing.

5. Normal discovery is, under the Rules, not that far away. This Court has already ordered the parties to confer once (though Intervenors could not attend because they were not yet parties). More importantly, if the preliminary injunction is granted or denied, the losing party will likely take an interlocutory appeal. Limited discovery will help this Court and the D.C. Circuit resolve the preliminary injunction on a fuller factual record.

Because Intervenor's request to depose six witnesses is reasonable "'in light of all of the surrounding circumstances,'" *Fannie Mae*, 227 F.R.D. at 142, this Court should grant the motion.

Dated: July 15, 2020                                          Respectfully submitted,

 /s/  Charles J. Cooper                                        /s/ William S. Consovoy
Charles J. Cooper (D.C. Bar #248070)           William S. Consovoy (D.C. Bar #493423)
Brian W. Barnes (pro hac vice forthcoming)   Cameron T. Norris
Nicole J. Moss (D.C. Bar #472424)                 Alexa R. Baltes (pro hac vice)
COOPER & KIRK, PLLC                                   CONSOVOY MCCARTHY PLLC
1523 New Hampshire Ave., NW                     1600 Wilson Blvd., Ste. 700
Washington, D.C. 20036                                 Arlington, VA 22209
(202) 220-9600                                                 (703) 243-9423
ccooper@cooperkirk.com                               will@consovoymccarthy.com
bbarnes@cooperkirk.com                              cam@consovoymccarthy.com
nmoss@cooperkirk.com                                 lexi@consovoymccarthy.com

*Counsel for Foundation for*                          *Counsel for Speech First, Inc. and*
*Individual Rights in Education*                      *Independent Women's Law Center*

3