UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>        Plaintiffs,<br><br>  v.<br><br>ELISABETH D. DEVOS, *in her official capacity as Secretary of Education*, *et al.*,<br><br>        Defendants,<br><br>  and<br><br>FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, *et al.*,<br><br>        Intervenor-Defendants. | Civil Action No. 20-cv-01468-CJN |

**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO TAKE DEPOSITIONS**

  Intervenors asked to participate in this case so that they could "offer a perspective on the First and Fourteenth Amendments that will otherwise not be represented." Mot. to Intervene (Dkt. No. 27) at 2 (June 25, 2020). In making this request, they promised that their participation would "not slow this case down at all" and further "pledge[d] to focus their briefs on their own unique defenses and not duplicate Defendants' arguments." *Id.* at 16; Reply Br. (Dkt. No. 52) at 2 (July 3, 2020). The Court acknowledged their representations in exercising its discretion to grant permissive intervention, stating that "because Movants will follow the deadlines that govern Defendants, their intervention will not unduly delay or prejudice Plaintiffs' rights." Minute Order (July 6, 2020).

  Despite their prior statements, Intervenors have now made a last-minute request to take depositions of six of Plaintiffs' declarants before Friday's preliminary injunction hearing. Mot. to take Depositions (Dkt. No. 76) at 1 (July 15, 2020) ("Mot."). The declarants that Intervenors seek to depose are all higher education officials who describe, among other things, the significant

efforts schools will be required to make to change their policies, train their staff, revise materials, and educate their communities to comply with the Rule by the August 14, 2020, effective date. Pls. Mem. (Dkt. No. 22-2) at 11-12 (June 23, 2020). Intervenors offer no explanation for their failure to mention the need for depositions in their motion to intervene or in their two subsequent filings in this case, nor do they attempt to reconcile their earlier commitments with this latest request. And they do not establish a plausible need for depositions in any event: the only justification they offer is a vague desire to "test the veracity" of the declarations. *Id*. at 2. But having been allowed to intervene based on the representation that they would "not slow this case down at all," Intervenors should not now be permitted to go on a last-minute fishing expedition that will unduly delay these proceedings and prejudice Plaintiffs, including by inhibiting their ability to prepare for the upcoming hearing on Plaintiffs' motion for preliminary injunction or § 705 stay. The motion should be denied.

## DISCUSSION

1.   Intervenors first moved to participate in this case *after* Plaintiffs had filed their motion for preliminary injunction or § 705 stay. At the time, they argued that their intervention was necessary to "advance a legal theory that the Department of Education will not: that many of the rule's protections for college students are not just reasonable policy decisions—they are *constitutionally required*." Dkt. No. 27 at 1-2. They stressed they would agree to "follow whatever briefing schedule governs Defendants." *Id.* at 16. Nowhere in their brief or subsequent reply did Intervenors indicate that they wished to contest Plaintiffs' arguments with respect to the Rule's effective date, nor did they suggest that they wished to take depositions of any of Plaintiffs' declarants. Rather, they "pledge[d] to focus their briefs on their own unique defenses and not duplicate Defendants' arguments." Dkt. No. 52 at 2.

Intervenors' current request to take depositions, however, is inconsistent with the schedule set by the Court and will result in prejudice to both Plaintiffs and Defendants. The Court's briefing schedule did not contemplate discovery before a hearing on Plaintiffs' motion, and no party had previously indicated a desire to take depositions. Intervenors' request would

require Plaintiffs to devote their time and attention to preparing for and defending six depositions, just days before the scheduled hearing on their injunction motion. Intervenors previously denied that their participation in this action would prejudice Plaintiffs, asserting that they "ha[d] worked diligently not to slow down this case whatsoever," *id.* at 2, and that they would "follow the same deadlines that govern Defendants—including the July 8 deadline for oppositions to Plaintiffs' preliminary-injunction motion," *id.* at 8. But the prejudice from this last-minute request is unmistakable.

Furthermore, since Intervenors' motion was filed after briefing on Plaintiffs' motion was complete, it too late for the parties to address any deposition testimony in their written submissions. Depositions at this stage, even if otherwise appropriate, would therefore be of limited utility. Intervenors could have stated upfront in their motion to intervene that they wished to depose some of Plaintiffs' declarants, but they did not do so. And nothing in their latest motion excuses this failure or explains why conducting depositions after briefing on Plaintiffs' motion is complete would be a fruitful exercise.

2.  Under this Court's Local Rules, the practice "is to decide preliminary injunction motions without live testimony where possible." Local Rule 65.1(d). And "[n]o evidentiary hearing is required [on a preliminary injunction motion] where there is no serious dispute as to the facts or where there is little dispute as to the facts but significant dispute as to the inferences to be drawn from those facts; it is only where substantial questions of fact are in sharp dispute that an evidentiary hearing is required." *SEC v. Gen. Refractories Co.*, 400 F. Supp. 1248, 1256 (D.D.C. 1975) (citing *SEC v. Frank*, 388 F.2d 486 (2d Cir. 1968)). What is more, where a genuine dispute of material fact exists, it should be "raised in opposition to a motion for preliminary injunction," in order to override the general rule of this Circuit that "[a] preliminary injunction may be granted based on less formal procedures and on less extensive evidence than in a trial on the merits." *Corbell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004).

Nothing in Intervenors' motion shows that "substantial questions of fact are in sharp dispute" such that an evidentiary hearing is warranted—much less that their belated request to

conduct depositions beforehand should be granted. By their own admission, Intervenors seek only to "test the veracity" of certain statements relating to Plaintiffs' challenge to the Rule's effective date. Mot. at 2. Given that Defendants have disputed Plaintiffs' challenge to the effective date, Intervenors' request cannot be squared with their "pledge to focus their briefs on their own unique defenses and not duplicate Defendants' arguments." Dkt. No. 52, at 2. Regardless, their latest motion fails to put forward any evidence actually calling into question the statements made by Plaintiffs' declarants.

Intervenors' opposition to Plaintiffs' motion for preliminary injunction or stay similarly fails to establish that an evidentiary hearing would be warranted. The only evidence offered by Intervenors in connection with that opposition is: (1) a public comment submitted by Intervenor FIRE in response to the Department's proposed Title IX Rule, *see* Appx. to Intvrs. Mem. in Opp. (Dkt. No. 64-1) Ex. 1 (July 8, 2020); (2) public statements from ten colleges and universities, only four of which are in Plaintiff States, *id.* Ex. 2-4, 6-12; (3) a news article about South Dakota, which is not a plaintiff, *id.* Ex. 5; and (4) a declaration from Patricia Hamill, a partner at the law firm of Conrad O'Brien, *id.* Ex. 13.

The statements from the four colleges and universities in Plaintiff States further support Plaintiffs' showing of irreparable harm, as they describe the extensive efforts that schools are making in order to comply with the Rule's requirements by the effective date, including creating a repository of resources, holding community forums, and reviewing state laws. *Id.* Ex. 2, 8, 10, 11. For example, the University of Minnesota details the multiple factors that must be taken into account and the stakeholders that must be consulted in order to update its policies. *Id.* Ex. 2. The University of Washington expressed its wish that the Department had taken more of the feedback that it and others had provided and allowed it to maintain current policies, but says that it is working to implement the new regulations. It also states that it is providing public information to its community about how the Rule that runs "more than 2,000 pages" affects them, and providing an opportunity for community input. *Id.* Ex. 11. That colleges and universities have publicly committed to complying with a federal regulation (on which their federal funding depends) does

not show that mandating compliance on this timeframe—in less than three months, during a global pandemic, when key stakeholders are absent from campus, and when shared governance systems cannot operate—is not arbitrary and capricious, or that it will not be costly, burdensome, or otherwise cause irreparable harm. *See* Pls. Mem. 8-13.

Similarly, none of the points in Ms. Hamill's declaration dispute Plaintiffs' arguments that the arbitrary date for implementation of the Rule during the COVID-19 crisis is not supported by a well-reasoned justification and will otherwise cause States irreparable harm. The declaration avers that (1) COVID-19 has led to a reduction in "outreach and referrals concerning possible representations of students in campus disciplinary proceedings," Hamill Decl. ¶¶ 4-6, and (2) "COVID-19 caused few if any delays in pending university sexual misconduct disciplinary proceedings" because "university administrators simply moved interviews and hearings that would have otherwise taken place in person to Zoom or other videoconferencing platforms," Hamill Decl. ¶ 7. Neither statement suggests that that Rule will not impose irreparable harm, especially because the latter statement applies to university policies and procedures *currently in place*, not the policies and procedures schools must adopt to comply with the new Title IX Rule.

3. Finally, Intervenors' reliance on *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142 (D.D.C. 2005), is misplaced. Even if the "reasonableness" test set forth in that case is assumed to apply, Intervenors fall well short. Here, the preliminary injunction hearing is mere days away, the requests require extensive time and effort by Plaintiffs to prepare for and defend depositions of six declarants, the depositions are unlikely to produce factual information that will assist the Court in deciding on Plaintiffs' motion (and would occur too late to be addressed in briefing), and the request was made at the last minute and after Intervenors had multiple opportunities to notify the Court and the parties of their desire to take discovery. Intervenors' claim that "[n]ormal discovery" is "not that far away," Mot. 2, ignores the fact that this case involves judicial review of agency action under the APA. *See Friends of the Earth v. U.S. Dep't of Interior*, 236 F.R.D. 39, 42 (D.D.C. 2006) (denying plaintiff's request to take deposition

5

because "[i]n this Circuit, discovery is normally unavailable in an APA case, except where there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review.") (citing *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998)). Evaluating the "reasonableness of the request in light of all of the surrounding circumstances" thus makes clear that Intervenors have not shown that their request to take depositions prior to Friday's hearing is justified. *Fannie Mae*, 227 F.R.D. at 142 (citation and internal quotation marks omitted).

## CONCLUSION

The motion to take depositions should be denied.

Dated: July 20, 2020                                        Respectfully submitted,

| | |
|---|---|
| **GURBIR S. GREWAL** | **JOSH SHAPIRO** |
| *Attorney General* | *Attorney General* |
| *State of New Jersey* | *Commonwealth of Pennsylvania* |
| MAYUR P. SAXENA | MICHAEL J. FISCHER |
| Assistant Attorney General | Chief Deputy Attorney General |
| | |
| */s/ Marie Soueid* | */s/ Aimee D. Thomson* |
| MARIE SOUEID | AIMEE D. THOMSON (D.C. Bar No. 1045758) |
| ESTELLE BRONSTEIN | RYAN B. SMITH |
| EMILY WANGER | JACOB B. BOYER |
| Deputy Attorneys General | Deputy Attorneys General |
| New Jersey Attorney General's Office | Office of Attorney General |
| Richard J. Hughes Justice Complex | 1600 Arch Street, Suite 300 |
| 25 Market Street | Philadelphia, PA 19103 |
| Trenton, NJ 08625 | (267) 374-2787 |
| (609) 376-2564 | athomson@attorneygeneral.gov |
| Marie.Soueid@law.njoag.gov | *Attorneys for Plaintiff Commonwealth of* |
| *Attorneys for Plaintiff State of New Jersey* | *Pennsylvania* |
| | |
| **XAVIER BECERRA** | **PHILIP J. WEISER** |
| *Attorney General of California* | *Attorney General* |
| *State of California* | *State of Colorado* |
| MICHAEL NEWMAN | |
| Senior Assistant Attorney General | */s/ Eric R. Olson* |
| CHRISTINE CHUANG | ERIC R. OLSON |
| Supervising Deputy Attorney General | Solicitor General |
| | MARTHA FULFORD (D.C. Bar No. 101194) |
| */s/ Laura Faer* | First Assistant Attorney General |
| LAURA FAER | 1300 Broadway, 10th Floor |
| CHRISTINA RIEHL | Denver, CO 80203 |
| MARISOL LEÓN | (720) 508-6000 |
| SHUBHRA SHIVPURI | eric.olson@coag.gov |
| SRIVIDYA PANCHALAM | martha.fulford@coag.gov |
| Deputy Attorneys General | *Attorneys for Plaintiff State of Colorado* |
| California Attorney General's Office | |
| 1515 Clay Street, 20th Floor | |
| Oakland, CA 94612-0552 | |
| (510) 879-3305 | |
| Laura.Faer@doj.ca.gov | |
| *Attorneys for Plaintiff State of California* | |

| | |
|---|---|
| **KATHLEEN JENNINGS**<br>*Attorney General*<br>*State of Delaware*<br><br>*/s/ Christian Douglas Wright*<br>CHRISTIAN DOUGLAS WRIGHT<br>Director of Impact Litigation<br>Delaware Department of Justice<br>820 N. French Street, 5th Floor<br>Wilmington, DE 19801<br>(302) 577-8600<br>christian.wright@delaware.gov<br>*Attorney for Plaintiff State of Delaware* | **KARL A. RACINE**<br>*Attorney General*<br>*District of Columbia*<br><br>*/s/ Kathleen Konopka*<br>KATHLEEN KONOPKA (D.C. Bar No. 495257)<br>Deputy Attorney General, Public Advocacy Division<br>MICHELLE THOMAS (D.C. Bar No. 993514)<br>Chief, Civil Rights Section, Public Interest Division<br>BRENDAN DOWNES (D.C. Bar No. 187888)<br>NICOLE HILL (D.C. Bar No. 888324938)<br>SAMANTHA HALL[*]<br>KATE VLACH (D.C. Bar No. 1671390)<br>Assistant Attorneys General<br>Office of the Attorney General for the District of Columbia<br>441 4th St., N.W.<br>Suite 630S<br>Washington, DC 20001<br>(202) 724-6610<br>Kathleen.Konopka@dc.gov<br>[*] *Practicing in the District of Columbia under the direct supervision of Michelle D. Thomas, a member of the D.C. Bar. See D.C. Court of Appeals Rule 49(c).*<br>*Attorneys for Plaintiff District of Columbia* |

**KWAME RAOUL**
*Attorney General*
*State of Illinois*

/s/ *Alison V. Hill*
ALISON V. HILL
LIZA ROBERSON-YOUNG
GRETCHEN HELFRICH
Assistant Attorneys General
Office of the Attorney General State of Illinois
100 W. Randolph St.
Chicago, IL, 60601
(312) 814-3954
ahill@atg.state.il.us
*Attorneys for Plaintiff State of Illinois*

**DANA NESSEL**
*Attorney General*
*State of Michigan*

/s/ *Fadwa A. Hammoud*
FADWA A. HAMMOUD
Solicitor General
TONI L. HARRIS
NEIL GIOVANATTI
Assistant Attorneys General
Michigan Department of Attorney General
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
HammoudF1@michigan.gov
Harrist19@michigan.gov
GiovanattiN@michigan.gov
*Attorneys for Plaintiff State of Michigan*

**MAURA HEALEY**
*Attorney General*
*Commonwealth of Massachusetts*

/s/ *Angela R. Brooks*
ANGELA R. BROOKS
ABIGAIL B. TAYLOR
ABRISHAM ESHGHI
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2590
angela.brooks@mass.gov
*Attorneys for Plaintiff Commonwealth of Massachusetts*

**KEITH ELLISON**
*Attorney General*
*State of Minnesota*

/s/ *Kevin Finnerty*
KEVIN FINNERTY
KATHRYN WOODRUFF
Assistant Attorneys General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 757-1058 (Voice)
(651) 757-1361 (Voice)
kevin.finnerty@ag.state.mn.us
kathryn.woodruff@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

| | |
|---|---|
| **HECTOR BALDERAS**<br>*Attorney General*<br>*State of New Mexico*<br><br>*/s/ Tania Maestas*<br>TANIA MAESTAS<br>Chief Deputy Attorney General<br>PO Drawer 1508<br>Santa Fe, NM 87504-1508<br>(505) 490-4060<br>tmaestas@nmag.gov<br>*Attorney for Plaintiff State of New Mexico* | **JOSHUA H. STEIN**<br>*Attorney General*<br>*State of North Carolina*<br><br>*/s/ Sripriya Narasimhan*<br>SRIPRIYA NARASIMHAN (D.C. Bar No: 1029549)<br>Deputy General Counsel<br>North Carolina Department of Justice<br>114 W. Edenton Street<br>Raleigh, NC 27603<br>(919) 716-6400<br>SNarasimhan@ncdoj.gov<br>*Attorney for Plaintiff State of North Carolina* |
| **ELLEN F. ROSENBLUM**<br>*Attorney General*<br>*State of Oregon*<br><br>*/s/ Elleanor H. Chin*<br>ELLEANOR H. CHIN<br>BRIAN S. MARSHALL DC Bar No. 501670<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301<br>(503) 947-4700<br>elleanor.chin@doj.state.or.us<br>*Attorney for Plaintiff State of Oregon* | **PETER F. NERONHA**<br>*Attorney General*<br>*State of Rhode Island*<br><br>*/s/ Shannon L. Haibon*<br>SHANNON L. HAIBON<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br>(401) 274-4400 Ext. 2018<br>shaibon@riag.ri.gov<br>*Attorney for Plaintiff State of Rhode Island* |

| | |
|---|---|
| **THOMAS J. DONOVAN, JR.**<br>*Attorney General*<br>*State of Vermont*<br>JOSHUA R. DIAMOND<br>Deputy Attorney General<br><br>*/s/ Rachel E. Smith*<br>RACHEL E. SMITH<br>JULIO A. THOMPSON<br>Assistant Attorneys General<br>Vermont Attorney General's Office<br>109 State Street<br>Montpelier, VT 05609<br>(802) 828-3171<br>rachel.e.smith@vermont.gov<br>julio.thompson@vermont.gov<br>*Attorneys for Plaintiff State of Vermont* | **MARK R. HERRING**<br>*Attorney General*<br>*Commonwealth of Virginia*<br><br>*/s/ Jessica Merry Samuels*<br>JESSICA MERRY SAMUELS (D.C. Bar No. 1552258)<br>Assistant Solicitor General<br>Office of the Attorney General<br>202 North Ninth Street<br>Richmond, VA 23219<br>(804) 786-6835<br>solicitorgeneral@oag.state.va.us<br>*Attorney for Plaintiff Commonwealth of Virginia* |
| **ROBERT W. FERGUSON**<br>*Attorney General*<br>*State of Washington*<br><br>*/s/ Kristin Beneski*<br>KRISTIN BENESKI<br>Assistant Attorney General<br>AILEEN HUANG<br>Deputy Attorney General<br>800 5th Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>(206) 464-7744<br>kristin.beneski@atg.wa.gov<br>aileen.huang@atg.wa.gov<br>*Attorneys for Plaintiff State of Washington* | **JOSHUA L. KAUL**<br>*Attorney General*<br>*State of Wisconsin*<br><br>*/s/ Jeffery A. Simcox*<br>ANNE M. BENSKY<br>Assistant Attorney General<br>JEFFERY A. SIMCOX<br>Assistant Attorney General<br>Wisconsin Department of Justice<br>Post Office Box 7857<br>Madison, WI 53707-7857<br>(608) 264-9451 (Bensky)<br>(608) 266-3861 (Simcox)<br>benskyam@doj.state.wi.us<br>simcoxja@doj.state.wi.us<br>*Attorneys for Plaintiff State of Wisconsin* |