IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, et al., <br>         *Plaintiffs*, <br><br> v. <br><br> Elisabeth D. DEVOS, in her official capacity as Secretary of the United States Department of Education, et al., <br>         *Defendants*, <br><br> FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, et al., <br><br>        *Intervenor-Defendants*. | Case No. 1:20-cv-1468-CJN |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

   Intervenor-Defendants respectfully alert the Court to the attached opinion denying the motion for a preliminary injunction in *State of New York v. United States Department of Education*, No. 20-4260 (S.D.N.Y. Aug. 9, 2020). In that case, the State of New York and the City School District of the City of New York asked the court to preliminarily enjoin enforcement of the same Department of Education Rule that is at issue here. The court denied the motion because it concluded that the plaintiffs were unlikely to succeed on the merits of their claims—claims that parallel those being advanced by Plaintiffs in this case. As the *State of New York* court explained, the Rule is consistent with the Department of Education's statutory authority and reflects reasonable policy judgments about how to promote Title IX's objectives without undermining the free speech and the due process rights of the accused. Op. 16–32. The court also rejected the plaintiffs' argument that the Department of Education was required to adopt identical standards under Title IX and Title VI and upheld the Department's cost-benefit analysis. *Id.* at 32–35.

1

The *State of New York* court further held that the plaintiffs could not establish irreparable harm based upon the minimal compliance costs associated with implementing the Rule, most of which have already been incurred now that the implementation deadline is less than a week away. *Id.* at 40–42. It observed that "[t]here is nothing about the Rule or compliance with the Rule that requires resources to be taken away from efforts to combat the horrific COVID-19 pandemic," *id.* at 42–43, and it rejected the plaintiffs' argument that implementation of the Rule will harm students, *id.* at 43–44. In addition, the court concluded that the balance of equities and the public interest favor allowing the Rule to take effect.

*State of New York* is on all fours with this case, and the opinion denying the preliminary injunction motion is soundly reasoned. For substantially the same reasons as well as those presented in Intervenor-Defendants' brief, this Court should likewise refuse to preliminarily enjoin enforcement of the Rule.

Dated: August 9, 2020

Respectfully submitted,

 /s/  Charles J. Cooper             

 /s/ William S. Consovoy            

Charles J. Cooper (D.C. Bar #248070)
Brian W. Barnes (pro hac vice)
Nicole J. Moss (D.C. Bar #472424)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com
bbarnes@cooperkirk.com
nmoss@cooperkirk.com

*Counsel for Foundation for
Individual Rights in Education*

William S. Consovoy (D.C. Bar #493423)
Cameron T. Norris
Alexa R. Baltes (pro hac vice)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
cam@consovoymccarthy.com
lexi@consovoymccarthy.com

*Counsel for Speech First, Inc. and
Independent Women's Law Center*