IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** *et al.*, | ) ) ) Civil Action No. 1:20-cv-01468-CJN |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| **PHILIP H. ROSENFELT,**[1] **in his official Capacity as Acting Secretary of Education** *et al.*, | ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| **FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION** *et al.*, | ) ) ) |
| Intervenor-Defendants. | ) ) |

**DEFENDANTS' BRIEF IN OPPOSITION TO TEXAS' MOTION TO INTERVENE**

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Philip H. Rosenfelt is automatically substituted for his predecessor, Mitchell Zais, Acting Secretary of Education.

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................. 1

BACKGROUND .................................................................................................................................. 1

STANDARD OF REVIEW ................................................................................................................. 2

ARGUMENT ........................................................................................................................................ 3

   I.    Texas Has Not Established Its Entitlement to Intervention as of Right ............................... 3

       A.   Texas' Motion is Untimely ................................................................................................ 3

       B.   Participation as an Amicus Will Adequately Protect Any Interests Texas Has in This Litigation ................................................................................................................ 6

   II.   The Court Should Deny Permissive Intervention. ............................................................. 7

CONCLUSION ..................................................................................................................................... 9

## INTRODUCTION

If an entity delays seeking intervention until months after it allegedly became apparent that it possessed an interest in a case, and does so in a way that prevents the parties from addressing its arguments in their opening merits briefs, then such intervention is untimely. Yet that is precisely what Texas is attempting to do here. The plaintiffs in this action challenge a regulation promulgated by the United States Department of Education. Texas asserts an interest in defeating the challenge to that regulation, and argues that it should be permitted to intervene simply because a new presidential administration might decide to amend or eliminate it. Yet Texas fails to explain why it did not seek leave to intervene when this suit was filed over seven months ago (when three organizations did intervene in a timely manner), or even when it became apparent that there would likely be a new administration. Because Texas waited until merits briefing had already begun to file its intervention motion, thus depriving the existing parties of the opportunity to respond to Texas's arguments in accordance with the Court-approved briefing schedule, intervention now not only is untimely but also would prejudice the parties' rights. Additionally, Texas has not shown why participation as an amicus curiae would not adequately protect its interests in this case. The Court should therefore decline to authorize Texas to intervene.

## BACKGROUND

The United States Department of Education ("ED" or "the Department") promulgated a final rule, 85 Fed. Reg. 30,026 (May 19, 2020) ("Rule"), implementing Title IX of the Education Amendments of 1972 ("Title IX"), and specifying how recipients of federal financial assistance covered by Title IX, including elementary schools, secondary schools, colleges, and universities, must respond to allegations of sexual harassment consistent with Title IX's prohibition against

1

sex discrimination. The plaintiffs commenced this action on June 4, 2020. *See* ECF No. 1. On July 6, 2020, this Court granted a motion to intervene as defendants filed by the Foundation for Individual Rights in Education, Speech First, and the Independent Women's Law Center ("Intervenor Defendants"). *See* Minute Order dated July 6, 2020. Following oral argument, the Court denied Plaintiffs' motion for a preliminary injunction on August 12, 2020. Mem. Op., ECF No. 97. The plaintiffs amended their complaint on September 18, 2020, ECF No. 102, and moved for summary judgment on December 18, 2020. ECF No. 108. On January 19, 2020, both sets of defendants cross-moved for summary judgment, ECF Nos. 132, 137, and Defendants answered Plaintiffs' amended complaint. ECF No. 135.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24 prescribes several paths by which a non-party may be permitted to intervene in an action. Rule 24(a)(2) provides for intervention as of right, stating that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The D.C. Circuit has "identified four prerequisites to intervene as of right: '(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.'" *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)).[1]

---

[1] Defendants are not contesting Texas' assertions that it possesses a legally protected interest in this action.

2

Federal Rule of Civil Procedure 24(b)(1)(B) provides for permissive intervention. "On timely motion, the court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." (emphasis added). The non-party "must present the Court with: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *United States v. Facebook, Inc.*, 456 F. Supp. 3d 105, 108 (D.D.C. 2020) (citation omitted).

## ARGUMENT

**I.      Texas Has Not Established Its Entitlement to Intervention as of Right.**

    **A.      Texas' Motion is Untimely.**

"An application to intervene in a pending action must be timely." *Cayuga Nation v. Zinke*, 324 F.R.D. 277, 279 (D.D.C. 2018). This timeliness requirement "is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014) (citation omitted). Whether an intervention motion is timely "is to be judged in consideration of all the circumstances," *United States v. British Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006), and "is a context-specific inquiry[.]" *Cayuga Nation*, 324 F.R.D. at 279. "To determine if a motion to intervene is timely, 'courts should take into account (a) the time elapsed since the inception of the action, (b) the probability of prejudice to those already party to the proceedings, (c) the purpose for which intervention is sought, and (d) the need for intervention as a means for preserving the putative intervenor's rights.'" *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 3 (D.D.C. 2017) (citation omitted).

3

This action was brought on June 4, 2020.  Intervenor Defendants filed a timely motion to intervene just three weeks later, on June 25, 2020.  FIRE Mot. to Intervene, ECF No. 27.  By contrast, Texas delayed moving to intervene for over seven months.  If Texas had genuinely believed—like Intervenor Defendants—that it possessed a vital stake in this case that warranted intervention, it should have done so months ago.  *See WildEarth Guardians*, 320 F.R.D. at 3 (states timely intervened "approximately sixteen weeks after the initial complaint was filed"); *Cayuga Nation*, 324 F.R.D. at 282-84 (D.D.C. 2018) (intervention motion deemed timely because it was filed "in the early stages of th[e] case" before the defendants "file[d] an answer"); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (intervention motion was timely when filed "less than two months after the plaintiffs filed their complaint and before the defendants filed an answer").  Nor can Texas justify its delay by noting that a change in presidential administration has taken place.  Mem. Supp. Mot. to Intervene at 4-5, ECF No. 130-1 ("Mot.").  That a change in administration might take place during the pendency of a suit filed five months before a presidential election was manifestly obvious at this suit's outset.  Indeed, one of Intervenor Defendants' proffered justifications for intervention seven months ago was that "[b]ecause the positions and personnel of the Executive Branch can change over the course of a single case, it is not realistic to assume that the Department will forever defend Movants' position in this litigation."  FIRE Mot. to Intervene at 15 (citation and internal punctuation omitted).  And Texas concedes that it was on notice that the current administration might adopt a different position with respect to the Rule in May of 2020.  *See* Mot. at 12 n.8.  This is thus "an occasion where a non-party sat on its rights."  *Id*. at 5.

Moreover, Texas fails to identify any authority justifying its proposed intervention despite its significant delay before it sought leave to do so.  In *Smoke v. Norton*, 252 F.3d 468

(D.C. Cir. 2001), the district court had entered summary judgment against the government, which "had represented the[] interests" of the putative intervenors before the district court. *Id*. at 469. "After the district court granted summary judgment for the appellees, however, and before the Government decided not to appeal, the appellants moved to intervene in order to ensure that the appeal from that court's decision take place" because they were "prompted by the post-judgment prospect that the Government might not appeal." *Id*. at 470, 471 (internal punctuation omitted). But in *Smoke*, "[t]he Government's representation of the appellants' interests became *potentially* inadequate only when it equivocated about whether it would appeal the adverse ruling of the district court." *Id*. at 471 (emphasis added). Here, by contrast, it has been readily apparent that a potential change in administration could take place during the pendency of this suit since its outset. Similarly, the putative intervenors in *Western Energy Alliance v. Zinke*, 877 F.3d 1157 (10th Cir. 2017), sought intervention only two months after suit had commenced, and did so in October of 2016, *prior* to any change in presidential administration. *See id*. at 1163.

And because of Texas' foot-dragging, the parties would be prejudiced if Texas were to intervene at this stage. Texas delayed moving to intervene until the very day that Defendants' and Intervenor Defendants' cross-motions for summary judgment were due under the Court's merits briefing schedule. The parties were thus unable to address any merits issues relating to Texas' purported interest in their opening merits briefs. But Texas has made clear nonetheless that it wishes to participate in merits briefing. *See* Mot. at 6 (stating that Texas "adopts . . . the arguments that [ED] makes in its cross-motion for summary judgment" and "seeks the opportunity to defend these arguments" under "the schedule the parties negotiated").[2] The Court

---

[2] Without waiting for a ruling on its motion to intervene, Texas has filed documents purporting to be a cross-motion for summary judgment and opposition to Plaintiffs' motion for summary

5

should not countenance such strategic behavior on the part of a litigant.  Moreover, contrary to Texas' representation, *see id.*, both Defendants and Intervenor Defendants have filed answers. *See* ECF Nos. 27-1, 135.  Texas thus misplaces its reliance on case law suggesting that an intervention motion was timely where no answer had been filed.

### B. Participation as an Amicus Will Adequately Protect Any Interests Texas Has in this Litigation.

A proposed intervenor as of right must be "so situated that disposing of the action may as a practical matter impair or impede the [proposed intervenor's] ability to protect its interest." Fed. R. Civ. P. 24(a).  Texas does not satisfy this requirement because participation as an amicus curiae would suffice to protect that interest.  *Contra* Mot. at 10-11.  "The Court has broad discretion to permit [a] proposed intervenor[] to participate as amici curiae."  *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011) (citing *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007)).  Where "grant[ing] the proposed intervenors leave to participate as amici curiae" will allow them the full opportunity to present their arguments to the Court, "denying intervention . . . will not practically impair the proposed intervenors' ability to protect their interests."  *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 234.

As Texas concedes, it filed an amicus brief in this case (along with other states) over six months ago.  *See* Amici Br. of State of Texas *et al.*, ECF No. 79.  If amicus participation had truly not been adequate to protect its alleged "interest in the Department issuing clear, practical regulatory guidance, which enables them and the academic institutions within their borders to effectively combat sexual harassment without sacrificing their commitment to either free speech

---

judgment.  *See* ECF Nos. 136, 139-140.  Thus, if the Court denies Texas' motion to intervene, it should strike these documents from the record as having been filed without leave of Court.

or due process, nor their receipt of federal funds," *id.* at 2, then Texas should have sought to intervene instead. Its failure to do so then provides strong evidence that intervention is not warranted now.

Moreover, Texas fails to provide any reason why its continued participation as an amicus would be insufficient to defend its alleged interest. Texas is free to provide what it deems to be "a comprehensive defense of the Final Rule to the Court" in an amicus brief, Mot. at 10, as many amici have already done. *See* ECF Nos. 47, 55-56, 69-71, 79, 109, 122-26. And that "Texas would not be able to file motions or appeal" as an amicus, Mot. at 10, is irrelevant if—as it contends—its sole purpose is only to offer arguments in support of the Rule. By contrast, if its real purpose is to prevent a federal agency's lawful exercise of discretion regarding whether to engage in additional rulemaking, then that is not a protectable interest. Texas has cited no authority—and Defendants are aware of none—suggesting that a state has a protectable legal interest in preventing federal agencies from utilizing their discretion regarding the promulgation of rulemaking. Consequently, Texas has failed to show why amicus participation would not be sufficient to protect any legally protected interests it may have in this case.

## II.     The Court Should Deny Permissive Intervention.

Rule 24(b)(1)(B) allows the Court to permit intervention where a non-party "has a claim or defense that shares with the main action a common question of law or fact." The non-party "must present the Court with: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *United States v. Morten*, 730 F. Supp. 2d 11, 16 (D.D.C. 2010) (citation and internal punctuation omitted). "Permissive intervention, as its name suggests, is a matter of discretion." *Cigar Ass'n of Am. v. FDA*, 323 F.R.D. 54, 66 (D.D.C. 2017); *see EEOC v. Nat'l*

*Children's Ctr.*, 146 F.3d 1042, 1046, 1048 (D.C. Cir. 1998) (explaining that "permissive intervention is an inherently discretionary enterprise" and that "[r]eversal of a district court's denial of permissive intervention is a very rare bird indeed") (citation omitted).  "Courts have 'wide latitude' in exercising their discretion to allow or deny permissive intervention." *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 236 (internal quotation omitted).  "Thus, district courts may deny permissive intervention even where a putative intervenor satisfies the requisite requirements." *Facebook*, 456 F. Supp. 3d at 108-09; *accord Nat'l Children's Ctr.*, 146 F.3d at 1048.  Before permitting a non-party to permissively intervene, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

Texas has not satisfied the requirements for permissive intervention because, as explained above, its motion is untimely.  Allowing permissive intervention would therefore "prejudice the adjudication of the original parties' rights" because Texas delayed seeking intervention in such a manner that the parties would not be able to address its participation in this case in their opening merits briefs.  The Court therefore should not allow Texas to intervene.

In any event, the Court should utilize its broad discretion to disallow permissive intervention for another reason.  As Intervenor Defendants have pointed out, "the Department has a long-term interest in preserving the scope of its discretion to issue rules under Title IX."  FIRE Mot. to Intervene at 14.  But if states could intervene as party defendants in cases challenging a recently-promulgated federal regulation simply because of a change in presidential administration, that discretion would be severely curtailed.  Because "[a]n agency's view of what is in the public interest may change, either with or without a change in circumstances," *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 57 (citation omitted), it is

well established that "[a]gencies are free to change their existing policies as long as they provide a reasoned explanation for the change." *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016). Allowing states to intervene before any agency change in course has been decided upon, merely because a new presidential administration has assumed office, would interfere with agencies' long-term interest in being "free to discard precedents or practices [they] no longer believe[] correct." *Nuclear Energy Inst. v. EPA*, 373 F.3d 1251, 1296 (D.C. Cir. 2004). To avoid setting such a precedent, the Court should deny Texas' request for permissive intervention.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Texas' motion to intervene.

Dated:  February 2, 2021                    Respectfully submitted,


                                                                     BRIAN M. BOYNTON
                                                                       Acting Assistant Attorney General

                                                                       CARLOTTA P. WELLS
                                                                       Assistant Branch Director

                                                                          /s/  *Daniel Riess*
                                                                       DANIEL RIESS (Texas Bar No. 24037359)
                                                                       Trial Attorney
                                                                       United States Department of Justice
                                                                       Civil Division, Federal Programs Branch
                                                                       1100 L Street, N.W.
                                                                       Washington, D.C.  20005
                                                                       Tel: (202) 353-3098
                                                                       Fax: (202) 616-8460
                                                                       Daniel.Riess@usdoj.gov
                                                                       *Attorneys for Defendants*