UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, *in his official capacity as Secretary of Education*, *et al.*, <br><br> Defendants, <br><br> and <br><br> FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, *et al.*, <br><br> Intervenor-Defendants. | Civil Action No. 20-cv-01468-CJN |

## JOINT STATUS REPORT

On July 6, 2021, the parties filed a joint status report requesting that the Court continue the present stay of all pending briefing deadlines and hold this case in abeyance until September 7, 2021. Joint Status Report at 2-3, ECF No. 150. The Court granted the parties' request, and directed the parties to file an additional joint status report on or before September 7, 2021. Minute Order, July 8, 2021. In accordance with the Court's order, the parties have met and conferred and respectfully file this Joint Status Report.

1. This case involves an Administrative Procedure Act challenge to a rule issued by the U.S. Department of Education, 85 Fed. Reg. 30,026 (May 19, 2020) ("the rule").

2. As detailed in the parties' earlier joint status reports, the President has issued an executive order directing the Secretary of Education to examine the rule for consistency with Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.*, and existing federal policy, and as part of implementing that order, the Department of Education has announced a comprehensive review of the rule. *See* ECF No. 148 at 1-2, ECF No. 150 at 1.

1

3.      As part of this comprehensive review, on July 20, 2021, the Department's Office for Civil Rights ("OCR") issued a Questions and Answers resource and related Appendix about the rule. *See* Questions and Answers on the Title IX Regulations on Sexual Harassment (July 2021).[1] The stated purpose of the question-and-answer document is to provide additional clarity about how OCR interprets schools' existing obligations under the rule, including the areas in which schools have discretion in their procedures for responding to reports of sexual harassment. *See id.* The Intervenor-Defendant organizations preserve the right to argue in this case and others that the Questions and Answers document is contrary to the rule and otherwise unlawful.

4.      On July 28, 2021, the U.S. District Court for the District of Massachusetts issued a decision in *Victim Rights Law Center et al. v. Cardona*, No. 1:20-cv-11104, 2021 WL 3185743 (D. Mass. July 28, 2021). The court upheld most of the provisions of the rule challenged by the plaintiffs in that case, but it found one part of 34 C.F.R. § 106.45(b)(6)(i) (live hearing requirement for the Title IX grievance process at postsecondary institutions only) to be arbitrary and capricious and remanded it to the Department for further consideration. 2021 WL 3185743 at *15-16, 19. In a subsequent order, the court clarified that it had vacated that provision. Order, *Victim Rights Law Center et al. v. Cardona*, No. 1:20-cv-11104, ECF No. 186 (D. Mass. Aug. 10, 2021). Specifically, the court vacated the part of 34 C.F.R. § 106.45(b)(6)(i) that prohibits a decision-maker from relying on statements that are not subject to cross-examination during the hearing: "If a party or witness does not submit to cross-examination at the live hearing, the decision-maker(s) must not rely on any statement of that party or witness in reaching a determination regarding responsibility…." *See* 2021 WL 3185743 at *15-16, 19. The appeal deadline for this ruling is September 27, 2021.

5.      In response to the court's vacatur, which has nationwide effect, the Department sent a letter to stakeholders announcing that the Department would immediately cease enforcement of the vacated portion of the rule. *See* Letter to Students, Educators, and other Stakeholders re *Victim*

---

[1] https://www2.ed.gov/about/offices/list/ocr/docs/202107-qa-titleix.pdf

*Rights Law Center et al. v. Cardona* (Aug. 24, 2021);[2] *see also* Office for Civil Rights Blog, Update on Court Ruling About the Department of Education's Title IX Regulations (Aug. 24, 2021).[3]

5. As indicated in OCR's June 23, 2021 Letter to Educators and in a previous letter to Students, Educators, and Other Stakeholders,[4] OCR anticipates publishing a notice of proposed rulemaking to amend the rule. *Id*.

6. Plaintiffs have notified Defendants that one of the declarants who has submitted declarations in support of Plaintiffs' motion for preliminary injunction and cross-motion for summary judgment, Michael Madowitz, would no longer be available for examination in the event that a trial on the merits were to be held in this case due to his recent change in employment. Particularly in light of the fact that cases involving Administrative Procedure Act claims are typically resolved on cross-motions for summary judgment, Defendants have agreed that in the event that this case were to proceed to resolution on cross-motions for summary judgment, Defendants would not object to the declarations submitted by Mr. Madowitz on the grounds of his unavailability for examination at a hypothetical trial on the merits. However, Defendants would reserve any other potential objections and responses to these declarations. Defendants include this agreement in this status report at Plaintiffs' request. The Intervenor-Defendants are not a party to any agreement respecting Mr. Madowitz's declarations and reserve all rights.

7. In light of the Department's continuing comprehensive review of the rule, Plaintiffs and Defendants jointly request that the Court continue the present stay of all pending briefing deadlines and hold this case in abeyance for an additional fifty (50) days, up to and including Wednesday, October 27, 2021. Because the Department is exploring administrative actions that

---

[2] https://www2.ed.gov/about/offices/list/ocr/docs/202108-titleix-VRLC.pdf

[3] https://www2.ed.gov/about/offices/list/ocr/blog/20210824.html

[4] https://www2.ed.gov/about/offices/list/ocr/correspondence/stakeholders/20210406-titleix-eo-14021.pdf

are likely to alter significantly the course of this litigation—including the publication of a notice of proposed rulemaking—the interests of the parties and of judicial economy would be well served by continuing the present abeyance to permit the Department to evaluate potential regulatory changes. *See Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 426 (D.C. Cir. 2018); *Pharm. Care Mgmt. Ass'n v. U.S. Dep't of Health & Hum. Servs.*, No. CV 21-95 (JDB), 2021 WL 624229, at *1 (D.D.C. Jan. 30, 2021) (holding case in abeyance during pendency of agency's review of challenged regulation). Intervenor Defendants have informed Plaintiffs and Defendants that they do not object to this request. The parties agree to meet and confer and file a Joint Status Report on or before October 27, 2021.

Date: September 7, 2021

BRIAN D. NETTER
Deputy Assistant Attorney General

CARLOTTA P. WELLS
Assistant Branch Director

 /s/ *Daniel Riess*
DANIEL RIESS (TX Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-3098
Fax: (202) 616-8460
Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

Respectfully submitted,

**JOSH SHAPIRO**
*Attorney General*
*Commonwealth of Pennsylvania*

MICHAEL J. FISCHER
Chief Counsel and Executive Deputy Attorney General

 /s/ *Aimee D. Thomson*
AIMEE D. THOMSON (D.C. Bar No. 1045758)
RYAN B. SMITH
JACOB B. BOYER
Deputy Attorneys General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 374-2787
athomson@attorneygeneral.gov

/s/ Charles J. Cooper
Charles J. Cooper (D.C. Bar #248070)
Brian W. Barnes (pro hac vice)
Nicole J. Moss (D.C. Bar #472424)
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 220-9600
ccooper@cooperkirk.com
bbarnes@cooperkirk.com
nmoss@cooperkirk.com

*Counsel for Foundation for Individual Rights in Education*

/s/ William S. Consovoy
William S. Consovoy (D.C. Bar #493423)
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
will@consovoymccarthy.com
cam@consovoymccarthy.com

*Counsel for Speech First, Inc. and Independent Women's Law Center*

**ANDREW J. BRUCK**
*Acting Attorney General*
*State of New Jersey*
MAYUR P. SAXENA
Assistant Attorney General

/s/ Marie Soueid
MARIE SOUEID
ESTELLE BRONSTEIN
Deputy Attorneys General
New Jersey Attorney General's Office
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
(609) 376-2564
Marie.Soueid@law.njoag.gov

5

| | |
|---|---|
| **KEN PAXTON** <br> *Attorney General of Texas* <br> BRENT WEBSTER <br> First Assistant Attorney General <br> PATRICK K. SWEETEN <br> Associate Deputy for Special Litigation <br><br> */s/ Kathleen T. Hunker* <br> KATHLEEN T. HUNKER <br> WILLIAM T. THOMPSON <br> Texas Office of the Attorney General <br> P.O. Box 12548 (MC-009) <br> Austin, Texas 78711-2548 <br> Tel.: (512) 936-1414 <br> Fax: (512) 936-0545 <br> patrick.sweeten@oag.texas.gov <br> kathleen.hunker@oag.texas.gov <br> will.thompson@oag.texas.gov | **ROB BONTA** <br> *Attorney General of California* <br> *State of California* <br> MICHAEL NEWMAN <br> Senior Assistant Attorney General <br><br> */s/ Laura Faer* <br> LAURA FAER <br> Supervising Deputy Attorney General <br> CHRISTINA RIEHL <br> MARISOL LEÓN <br> SRIVIDYA PANCHALAM <br> Deputy Attorneys General <br> California Attorney General's Office <br> 1515 Clay Street, 20th Floor <br> Oakland, CA 94612-0552 <br> (510) 879-3305 <br> Laura.Faer@doj.ca.gov <br><br> *Attorneys for Plaintiffs* |