# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, <br><br>　　　　　　　Plaintiffs, <br><br>　v. <br><br>MIGUEL CARDONA, *in his official capacity as Secretary of Education*, *et al.*, <br><br>　　　　　　　Defendants, <br><br>　and <br><br>FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, *et al.*, <br><br>　　　　　　　Intervenor-Defendants. | Civil Action No. 20-cv-01468-CJN |

## PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs Commonwealth of Pennsylvania, State of New Jersey, State of California, State of Colorado, State of Delaware, the District of Columbia, State of Illinois, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Nevada, State of New Mexico, State of North Carolina, State of Oregon, State of Rhode Island, State of Vermont, and State of Washington (collectively, Plaintiffs)[1] bring this motion to voluntarily dismiss this action without prejudice.

Rule 41(a)(2) permits an action to be dismissed at a plaintiff's request pursuant to a court order. The decision to grant a motion for voluntary dismissal is "within the sound discretion of the

---

[1] The State of Wisconsin is unable to join at this time and intends to file its own motion to dismiss with the court within the next 60 days. Wisconsin can provide the court with status updates, as requested. We have also consulted with counsel for the Commonwealth of Virginia who has authorized undersigned counsel to represent that Virginia will be filing a separate motion to dismiss today.

district court." *WildEarth Guardians v. Haaland*, No. 16-1724, 2022 WL 1773474, at *4 (D.D.C. June 1, 2022) (citing *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000)). Dismissals under Rule 41(a)(2) "'generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.'" *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 36 (D.D.C. 2004) (quoting *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986)); *see also* 9 Fed. Prac. & Proc. Civ. 3d § 2364 ("the district court generally should grant dismissals without prejudice if there would not be any prejudicial effects on the opposing party").

"A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for voluntary dismissal in good faith, and (2) whether the dismissal would cause the defendant 'legal prejudice.'" *Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 41 (D.D.C. 2012) (quoting *In re Vitamins*, 198 F.R.D. at 304). In doing so, the court must consider: "the defendants' effort and expense in preparation for trial"; "excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action"; "the adequacy of the plaintiffs' explanation for voluntary dismissal"; and "the stage of the litigation at the time the motion to dismiss is made." *Mittakarin*, 279 F.R.D. at 41. A court's analysis, therefore, focuses on the defendant's interests and "whether that party's 'commitment of time and money' militates against dismissal." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 437 (2023).

When considering the stage of litigation, whether a motion for summary judgment is pending can be a factor. *In re Vitamins*, 198 F.R.D. at 304. However, courts in this Circuit have consistently held that "the pendency of [a summary judgment] motion alone is not grounds for denying the plaintiff's dismissal motion." *Robinson v. England*, 216 F.R.D. 17, 18 (D.D.C. 2003)

(citing *Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331 (D.D.C. 1998)).

Courts in this Circuit have also held that "[t]he prospect of a second lawsuit does not constitute legal prejudice and cannot be the basis for denying a motion for voluntary dismissal." *Ctr. for Biological Diversity v. Jackson*, No. 10-2007, 2012 WL 13046335, at *1 (D.D.C. April 30, 2012) (dismissing case against defendants and intervenor-defendants); *see Pharma. Care Mgmt. Ass'n v. District of Columbia*, 796 F. Supp. 2d 93, 97 (D.D.C. 2011) ("It is beyond quibble that the prospect of a second lawsuit does not constitute legal prejudice."); *see also Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012) (explaining that to deny a motion for voluntary dismissal the court must find "clear legal prejudice" to a defendant and that losing an opportunity for a favorable final disposition is not sufficient) (internal citations omitted). Neither are the time, effort, and expense invested in a long-running action sufficient reasons absent more to deny a motion for voluntary dismissal. *See WildEarth Guardians*, 2022 WL 1773474, at *5; *see also Johnson v. Wynne*, 239 F.R.D. 283, 287 (D.D.C. 2006) ("The mere fact that the defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice.").

Plaintiffs seek dismissal of this action because the final agency action at issue, *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 85 Fed. Reg. 30,026 (May 19, 2020) (codified at 34 C.F.R. 106), is no longer valid. Defendant Department of Education ("Department") has amended this rule with its release of the new final rule on April 19, 2024 ("new final rule"). This motion assumes that the official version, which is scheduled to be published in the Federal Register on April 29, 2024 will mirror the new final rule, except as to any non-substantive corrections. Plaintiffs brought the present action in response to the unlawful rule issued by the Department, 85 Fed. Reg. 30,026 (May 19,

2020), that exceeded the Department's statutory authority under Title IX of the Education Amendments Act of 1972 (Title IX), 20 U.S.C. §§ 1681-88, and the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, that was not in accordance with Title IX or FERPA, that was arbitrary and capricious, and that was issued without observance of procedure required by the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), (C), (D). By contrast, the new final rule, in accordance with Title IX, FERPA, and the APA, creates comprehensive standards consistent with longstanding Title IX practice, re-aligns Title IX's implementing regulations with its nondiscrimination mandate, decreases the burden on school resources, and complements state laws in ensuring greater protection for victims while preserving rights of respondents. As such, the claims against the Department, Secretary Miguel Cardona, and the United States (collectively, Defendants) have been resolved.

This motion is made in good faith. The Department has since addressed the issues in this suit by issuing a new rule in accordance with Title IX, FERPA, and the APA. Now that Defendants have resolved Plaintiffs' claims, there is no further need to continue this litigation.

In addition, dismissal of this action will not cause legal prejudice to Defendants. This case has been stayed by order of this Court since March 11, 2021 upon Plaintiffs' and Defendants' joint motion to hold the present case in abeyance. *See* Minute Order, March 11, 2021. In granting that request, this Court explained that "[t]he government is investigating administrative actions that may alter the course of this litigation" and "judicial economy would be well served by allowing the government to evaluate 'potential regulatory changes.'" *Id.* (quoting *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 426 (D.C. Cir. 2018)). Since that order, Plaintiffs, Defendants, and Intervenor-Defendants have regularly filed joint status reports approximately every sixty days updating the Court on the status of Defendants' review and the need for additional

proceedings. Defendants have since investigated and taken administrative actions that have altered the course of this litigation as represented in the various joint status reports signed by all parties. There can therefore be no prejudice to Defendants to dismiss this action now that their own actions have resolved the issues in this suit.

There is also no prejudice to Intervenor-Defendants. They have been on notice that this outcome was possible as reflected in the need for a stay and status updates, of which they were a part, on the issuance of a final rule that may address the claims in this suit.

Moreover, Plaintiffs have not delayed or shown any lack of due diligence in prosecuting this action. All parties have consented to the ongoing stay and have filed regular joint status reports. Upon the Department's release of the new final rule on April 19, 2024, Plaintiffs promptly reviewed that rule for compliance with the Department's statutory authority and the APA and, finding the rule compliant, now make this motion to dismiss. The fact that the parties partially briefed motions for summary judgment before this case was stayed, *see* Minute Order, Feb. 4, 2021, and before Defendants took actions to address the prior unlawful administrative actions should not be cause for denying this motion. *See Robinson*, 216 F.R.D. at 18.

Plaintiffs have conferred with counsel for the other parties in this case. Defendants consent to this motion. Intervenor-Defendants State of Texas, Speech First, Inc., Independent Women's Law Center, and Foundation for Individual Rights in Education take no position on dismissal.

For these reasons, Plaintiffs respectfully request that the Court grant this motion to voluntarily dismiss and order that this action be dismissed without prejudice pursuant to Rule 41(a)(2).

Date: April 25, 2024

**MATTHEW J. PLATKIN**
*Attorney General*
*State of New Jersey*

/s/ *Giancarlo Piccinini*
GIANCARLO PICCININI
ANDREW YANG
Deputy Attorneys General
New Jersey Attorney General's Office
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
(973) 648-4425
Giancarlo.Piccinini@law.njoag.gov
Andrew.Yang@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

**ROB BONTA**
*Attorney General*
*State of California*
MICHAEL NEWMAN
Senior Assistant Attorney General

/s/ *Laura Faer*
LAURA FAER
Supervising Deputy Attorney General
CHRISTINA RIEHL
Deputy Attorney General
California Attorney General's Office
1515 Clay Street, 20th Floor
Oakland, CA 94612-0552
(510) 879-3305
Laura.Faer@doj.ca.gov

*Attorneys for Plaintiff State of California*

Respectfully submitted,

**MICHELLE HENRY**
*Attorney General*
*Commonwealth of Pennsylvania*

/s/ *Lisa E. Eisenberg*
LISA E. EISENBERG
 (Bar No. 324701)
Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(215) 560-2980
leisenberg@attorneygeneral.gov

*Attorney for Plaintiff Commonwealth of Pennsylvania*

**PHILIP J. WEISER**
*Attorney General*
*State of Colorado*

/s/ *Shannon Stevenson*
SHANNON STEVENSON
Solicitor General
First Assistant Attorney General
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
Eric.olson@coag.gov
Martha.fulford@coag.gov

*Attorneys for Plaintiff State of Colorado*

6

| | |
|---|---|
| **KATHLEEN JENNINGS**<br>*Attorney General*<br>*State of Delaware* | **BRIAN SCHWALB**<br>*Attorney General*<br>*District of Columbia* |
| /s/ *Christian Douglas Wright* | /s/ *Nicole S. Hill* |
| CHRISTIAN DOUGLAS WRIGHT<br>Director of Impact Litigation<br>VANESSA L. KASSAB<br>Deputy Attorney General<br>Delaware Department of Justice<br>820 N. French Street, 5th Floor<br>Wilmington, DE 19801<br>(302) 577-8600<br>Christian.wright@delaware.gov | NICOLE S. HILL<br>(D.C. Bar No. 888324938)<br>Assistant Attorney General<br>JENNIFER C. JONES<br>Deputy Attorney General<br>Public Advocacy Division<br>WILLIAM STEPHENS<br>Assistant Deputy Attorney General<br>Office of Attorney General for the District of Columbia<br>400 6th Street, N.W., 10th Floor<br>Washington, DC 20001 |
| *Attorneys for Plaintiff State of Delaware* | *Attorneys for Plaintiff District of Columbia* |
| **KWAME RAOUL**<br>*Attorney General*<br>*State of Illinois* | **JOY CAMPBELL**<br>*Attorney General*<br>*Commonwealth of Massachusetts* |
| /s/ *Caitlyn McEllis* | /s/ *Abigail B. Taylor* |
| CAITLYN MCELLIS<br>Senior Policy Counsel<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>Chicago, IL 60603 | ABIGAIL B. TAYLOR<br>Assistant Attorney General<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108 |
| *Attorneys for Plaintiff State of Illinois* | *Attorneys for Plaintiff Commonwealth of Massachusetts* |

| | |
|---|---|
| **DANA NESSEL**<br>*Attorney General*<br>*State of Michigan*<br><br>*/s/ Neil Giovanatti*<br>NEIL GIOVANATTI<br>TONI L. HARRIS<br>Assistant Attorneys General<br>Michigan Department of Attorney General<br>P.O. Box 30758<br>Lansing, MI 48909<br>(517) 335-7603<br>GiovanattiN@michigan.gov<br>Harrist19@michigan.gov<br><br>*Attorneys for Plaintiff State of Michigan* | **KEITH ELLISON**<br>*Attorney General*<br>*State of Minnesota*<br><br>/s/ *Joseph Weiner*<br>JOSEPH WEINER<br>Assistant Attorney General<br>445 Minnesota Street, Suite 1400<br>St. Paul, MN 55101-2131<br><br>*Attorneys for Plaintiff State of Minnesota* |
| **AARON FORD**<br>*Attorney General*<br>*State of Nevada*<br><br>/s/ *Heidi Parry Stern*<br>HEIDI PARRY STERN<br>Solicitor General<br>Office of the Nevada Attorney General<br>555 E. Washington Ave., Suite 3900<br>Las Vegas, NV 89101<br><br>*Attorneys for Plaintiff State of Nevada* | **RAÚL TORREZ**<br>*Attorney General*<br>*State of New Mexico*<br><br>*/s/ Aletheia V.P. Allen*<br>ALETHEIA V.P. ALLEN<br>Solicitor General<br>Executive Office<br>State of New Mexico Department of Justice<br>PO Drawer 1508<br>Santa Fe, NM 87504-1508<br>(505) 527-2776<br><br>*Attorneys for Plaintiff State of New Mexico* |
| **JOSH STEIN**<br>*Attorney General*<br>*State of North Carolina*<br><br>/s/ *Sripriya Narasimhan*<br>SRIPRIYA NARASIMHAN<br>Deputy General Counsel<br>North Carolina Department of Justice<br>114 W. Edenton Street<br>Raleigh, NC 27603<br><br>*Attorneys for Plaintiff State of North Carolina* | **ELLEN F. ROSENBLUM**<br>*Attorney General*<br>*State of Oregon*<br><br>/s/ *Elleanor Chin*<br>ELLEANOR H. CHIN<br>Senior Assistant Attorney General<br>Oregon Department of Justice<br>1162 Court Street NE<br>Salem, OR 97301<br><br>*Attorneys for Plaintiff State of Oregon* |

| | |
|---|---|
| **PETER F. NERONHA**<br>*Attorney General*<br>*State of Rhode Island*<br><br>/s/ *Shannon Haiborn*<br>SHANNON L. HAIBORN<br>Special Assistant Attorney General<br>150 South Main Street<br>Providence, RI 02903<br><br>*Attorneys for Plaintiff State of Rhode Island* | **CHARITY R. CLARK**<br>*Attorney General*<br>*State of Vermont*<br><br>/s/ *Julio A. Thompson*<br>JULIO A. THOMPSON<br>Assistant Attorney General<br>Co-Director, Civil Rights Unit<br>Office of the Vermont Attorney General<br>109 State Street<br>Montpelier, VT 05609<br>Julio.Thompson@vermont.gov<br><br>*Attorneys for Plaintiff State of Vermont* |

**ROBERT W. FERGUSON**
*Attorney General*
*State of Washington*

/s/ *Aileen C. Huang*
AILEEN C. HUANG
Deputy Attorney General
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188

*Attorneys for Plaintiff State of Washington*