UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL CARDONA, *in his official capacity as Secretary of Education*, *et al.*, <br><br> Defendants, <br><br> and <br><br> FOUNDATION FOR INDIVIDUAL RIGHTS IN EDUCATION, *et al.*, <br><br> Intervenor-Defendants. | Civil Action No. 20-cv-01468-CJN |

**PLAINTIFF STATE OF WISCONSIN'S MOTION TO VOLUNTARILY DISMISS THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff State of Wisconsin brings this motion to voluntarily dismiss this action without prejudice.

Rule 41(a)(2) permits an action to be dismissed at a plaintiff's request pursuant to a court order. The decision to grant a motion for voluntary dismissal is "within the sound discretion of the district court." *WildEarth Guardians v. Haaland*, No. 16-1724, 2022 WL 1773474, at *4 (D.D.C. June 1, 2022) (citing *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000)). Dismissals under Rule 41(a)(2) "'generally [are] granted in the federal courts unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.'" *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 36 (D.D.C. 2004) (quoting *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986)); *see also* 9 Fed. Prac. & Proc. Civ. 3d § 2364 ("the district

court generally should grant dismissals without prejudice if there would not be any prejudicial effects on the opposing party").

"A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for voluntary dismissal in good faith, and (2) whether the dismissal would cause the defendant 'legal prejudice.'" *Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 41 (D.D.C. 2012) (quoting *In re Vitamins*, 198 F.R.D. at 304). In doing so, the court must consider: "the defendants' effort and expense in preparation for trial"; "excessive delay or lack of diligence on the plaintiffs' part in prosecuting the action"; "the adequacy of the plaintiffs' explanation for voluntary dismissal"; and "the stage of the litigation at the time the motion to dismiss is made." *Mittakarin*, 279 F.R.D. at 41. A court's analysis, therefore, focuses on the defendant's interests and "whether that party's 'commitment of time and money' militates against dismissal." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 437 (2023).

When considering the stage of litigation, whether a motion for summary judgment is pending can be a factor. *In re Vitamins*, 198 F.R.D. at 304. However, courts in this Circuit have consistently held that "the pendency of [a summary judgment] motion alone is not grounds for denying the plaintiff's dismissal motion." *Robinson v. England*, 216 F.R.D. 17, 18 (D.D.C. 2003) (citing *Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley*, 178 F.R.D. 328, 331 (D.D.C. 1998)).

Courts in this Circuit have also held that "[t]he prospect of a second lawsuit does not constitute legal prejudice and cannot be the basis for denying a motion for voluntary dismissal." *Ctr. for Biological Diversity v. Jackson*, No. 10-2007, 2012 WL 13046335, at *1 (D.D.C. April 30, 2012) (dismissing case against defendants and intervenor-defendants); *see Pharma. Care Mgmt. Ass'n v. District of Columbia*, 796 F. Supp. 2d 93, 97 (D.D.C. 2011) ("It is beyond quibble

that the prospect of a second lawsuit does not constitute legal prejudice."); *see also Kellmer v. Raines*, 674 F.3d 848, 851 (D.C. Cir. 2012) (explaining that to deny a motion for voluntary dismissal the court must find "clear legal prejudice" to a defendant and that losing an opportunity for a favorable final disposition is not sufficient) (internal citations omitted). Neither are the time, effort, and expense invested in a long-running action sufficient reasons absent more to deny a motion for voluntary dismissal. *See WildEarth Guardians*, 2022 WL 1773474, at *5; *see also Johnson v. Wynne*, 239 F.R.D. 283, 287 (D.D.C. 2006) ("The mere fact that the defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice.").

The State of Wisconsin seeks dismissal of this action because the final agency action at issue, *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance*, 85 Fed. Reg. 30,026 (May 19, 2020) (codified at 34 C.F.R. 106), is no longer valid. Defendant Department of Education ("Department") has amended this rule with its issuance of *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance* (unofficial version available at https://www2.ed.gov/about/offices/list/ocr/docs/t9-unofficial-final-rule-2024.pdf).

This motion is made in good faith. The Department has since addressed the issues in this suit by issuing a new rule in accordance with Title IX, FERPA, and the APA. Now that the Defendants have resolved the State of Wisconsin's claims, there is no further need to continue this litigation.

In addition, dismissal of this action will not cause legal prejudice to Defendants. This case has been stayed by order of this Court since March 11, 2021 upon Plaintiffs' and Defendants' joint motion to hold the present case in abeyance. *See* Minute Order, March 11, 2021. In granting that request, this Court explained that "[t]he government is investigating administrative actions that

may alter the course of this litigation" and "judicial economy would be well served by allowing the government to evaluate 'potential regulatory changes.'" *Id.* (quoting *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 426 (D.C. Cir. 2018)). Since that order, Plaintiffs, Defendants, and Intervenor-Defendants have regularly filed joint status reports approximately every sixty days updating the Court on the status of Defendants' review and the need for additional proceedings. Defendants have since investigated and taken administrative actions that have altered the course of this litigation as represented in the various joint status reports signed by all parties. There can therefore be no prejudice to Defendants to dismiss this action now that their own actions have resolved the issues in this suit.

There is also no prejudice to Intervenor-Defendants. They have been on notice that this outcome was possible as reflected in the need for a stay and status updates, of which they were a part, on the issuance of a final rule that may address the claims in this suit. Any issue Intervenor-Defendants have with the new final rule can be addressed in a separate lawsuit. This action which challenged the previous rule, 85 Fed. Reg. 30,026, is not the proper forum for any challenge to the new final rule *Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance* (unofficial version available at https://www2.ed.gov/about/offices/list/ocr/docs/t9-unofficial-final-rule-2024.pdf).

Moreover, the State of Wisconsin has not delayed or shown any lack of due diligence in prosecuting this action. All parties have consented to the ongoing stay and have filed regular joint status reports. Upon the Department's issuance of the final rule on April 19, 2024, the State of Wisconsin promptly reviewed that rule for compliance with the Department's statutory authority and the APA and, finding the rule compliant, now make this motion to dismiss. The fact that the parties partially briefed motions for summary judgment before this case was stayed, *see* Minute

Order, Feb. 4, 2021, and before Defendants took actions to address the prior unlawful administrative actions should not be cause for denying this motion. *See Robinson*, 216 F.R.D. at 18

The state of Wisconsin has conferred with counsel for the Defendants in this action. Defendants consent to this filing. Defendant-Intervenors have taken no position on the dismissal of this action.

For these reasons, the State of Wisconsin respectfully requests that the Court grant this motion to voluntarily dismiss and order that this action be dismissed without prejudice pursuant to Rule 41(a)(2).

Dated: June 14, 2024

                    Respectfully submitted,

                    JOSHUA L. KAUL
                    Attorney General of Wisconsin

                    <u>s/Jeffery A. Simcox</u>
                    JEFFERY A. SIMCOX
                    Assistant Attorney General
                    State Bar #1116949

                    Attorneys for State of Wisconsin

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-3861 (Simcox)
(608) 294-2907 (Fax)
SimcoxJA@doj.state.wi.us